UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT, SS

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2005 FEB 23  AM 9 50

CLERK
BY _____
DEPUTY CLERK

WILLIAM J. CARDINAL,  )
    Plaintiff,  )
    )
v.  )  Case No. 2:05-cv-45
    )
VILLAGE OF ESSEX JUNCTION  )
and RAYMOND WEED, personally  )
and in his official capacity as CHIEF  )
OF THE ESSEX JUNCTION FIRE  )
DEPARTMENT,  )
    Defendants.  )

## COMPLAINT

NOW COMES the plaintiff William J. Cardinal, by and through his attorneys, Blackwood & Danon, P.C., and hereby complains against the defendants, Village of Essex Junction and Chief Raymond Weed, as follows:

I.    Introduction

1. This is a wrongful termination and religious discrimination case brought under 42 U.S.C. § 1983, the Vermont Fair Employment Practices Act, 21 V.S.A. § 495 et seq., and the U.S. and Vermont Constitutions.

II.    Parties

2.    Plaintiff William J. Cardinal is a resident of the Town of Essex Junction, County of Chittenden, State of Vermont.

BLACKWOOD & DANON, P.C.
ATTORNEYS AT LAW
P.O. BOX 875
BURLINGTON, VT 05402
(802) 863-2517

3. At all times relevant to this Complaint, Mr. Cardinal was an employee of the Defendant Village of Essex Junction, as a member of the Essex Junction Fire Department.

4. Defendant Village of Essex Junction, Vermont (hereafter the Village) is a municipality and governmental body duly organized under the laws of Vermont, located in the County of Chittenden, State of Vermont.

5. Defendant Village operates, controls, maintains, and oversees the Essex Junction Fire Department (hereafter "the Department") pursuant to 24 V.S.A. § 1951 et seq., and is the employer of all employees of the Essex Junction Fire Department.

6. Defendant Raymond Weed is a resident of the Village of Essex Junction, County of Chittenden, and State of Vermont, and was at all times relevant to this Complaint the Chief of the Essex Junction Fire Department, Vermont, and the supervisor of Mr. Cardinal. As Chief of the Department, Defendant Weed was the senior policymaker and decisionmaker for the Village concerning employment issues for the Department.

### III. Factual Allegations

7. Mr. Cardinal is a Jehovah's Witness and holds the beliefs of that religious faith. Jehovah's Witnesses do not celebrate holidays or engage in nationalist practices such as saluting the flag, voting, or singing the national anthem.

8. In 1990, the Village hired Mr. Cardinal as a volunteer firefighter for which he was paid at least the minimum wage for all hours worked. After an injury, Mr. Cardinal moved to the Fire Police Division of the Department where he was responsible for traffic flow at fire emergencies. At the time of his termination, he was earning $7.65 per hour.

9. At the time he was hired, Mr. Cardinal informed the then-Chief of the Fire Department, Steve Miller, that he was a Jehovah's Witness and that he would not participate in activities that would violate his religious beliefs, such as attending holiday parades or parties, wearing the American flag on his uniform, or participating in certain events.

10. In the mid 1990's, Defendant Weed, who was at that time, the Second Fire Chief of the Essex Junction Fire Department, began harassing Mr. Cardinal because of his religious beliefs and practices, such as refusing to wear the flag on his uniform.

11. Mr. Cardinal filed a grievance against the Village because of Chief Weed's harassment, and the grievance was resolved without any litigation. However, Chief Weed continued his pattern of retaliatory conduct against Mr. Cardinal.

12. In September 2001, Defendant Weed became the First Fire Chief of the Essex Junction Fire Department and thus Mr. Cardinal's ultimate supervisor.

13. Once he became the First Fire Chief, Chief Weed escalated his harassment of Mr. Cardinal. For example, Chief Weed referred to Plaintiff as a "holy roller" and as a "Jehovah's Witness s.o.b."

14. Chief Weed also encouraged a general atmosphere of hostility toward Mr. Cardinal because of his religious practices, such as Mr. Cardinal's refusal to wear an American flag on his work uniform.

15. In November 2001, Chief Weed ordered Mr. Cardinal to place the American flag on his uniform despite his religious beliefs and practices, but Mr. Cardinal refused.

16. In December 2001, without allowing Mr. Cardinal to respond to the allegations, Chief Weed gave Mr. Cardinal a written warning for allegedly failing to follow radio procedures when he responded to two calls.

17. On February 25, 2002, again without allowing Mr. Cardinal to respond to the allegations, Chief Weed terminated Mr. Cardinal's employment by sending him a letter claiming that he had violated standard operating guidelines by using his lights and siren to respond to two calls outside the Village.

18. Mr. Cardinal had not violated any procedures of which he had been made aware, and prior to his refusal to follow the illegal order to wear the American flag on his uniform, Mr. Cardinal had not received any warnings or reprimands about his performance.

19. The December written warning stated that further incidents would result in removal of his portable radio but did not notify Mr. Cardinal that his job was at risk. Prior to his termination, Mr. Cardinal had not received any notice that the conduct complained of in Chief Weed's February 25, 2002 letter could lead to his termination, he was not given any opportunity to be heard about the matter, and the defendants did not investigate the alleged violations of procedure for which he was terminated.

20. Following receipt of the letter, Mr. Cardinal was not provided with any post-termination hearing procedure.

21. The stated reasons for terminating Mr. Cardinal were arbitrary, capricious, and pretextual. The real motives were discrimination and retaliation against him for expression of his religious beliefs and practices and filing of the prior grievance and were acted upon with malice.

IV. <u>Claims For Relief</u>

A. <u>Vermont Fair Employment Practices Act</u>

22. By the actions described above, the Defendants harassed, discriminated, and retaliated against the Plaintiff by creating a hostile work environment and then terminating Plaintiff's employment based on his religion and his prior filing of a discrimination complaint.

23. As a result of the Defendants' discriminatory actions, the Plaintiff suffered damages.

B. <u>Due Process</u>

24. By the actions described above, the Defendants failed to provide the Plaintiff with notice and an opportunity to be heard prior to his termination and with inadequate process after this termination, in violation of due process of the law under the Fifth and Fourteenth Amendments of the U.S. Constitution and the Vermont Constitution.

25. As a result of the Defendants' denial of due process, the Plaintiff suffered damages.

C. <u>Denial of Free Exercise of Religion</u>

26. By the actions described above, the Defendants denied Plaintiff the opportunity to freely exercise his religious beliefs and practices in violation of the First Amendment of the U.S. Constitution and of the Vermont Constitution.

27. As a result of the Defendants' violation of the First Amendment and Vermont Constitution, the Plaintiff suffered damages.

LACKWOOD & DANON, P.C.
ATTORNEYS AT LAW
P.O. BOX 875
BURLINGTON, VT 05402
(802) 863-2517

V.   Prayer for Relief

WHEREFORE, Plaintiff respectfully prays that this Court:

1.   Find that Defendants harassed, discriminated, and retaliated against Plaintiff and unlawfully terminated his employment;

2.   Reinstate Plaintiff to his position with the Essex Junction Fire Department with full seniority and raises;

3.   Award Plaintiff compensatory damages, including but not limited to past and future pay and benefits, mental anguish, inconvenience, and embarrassment, in an amount to be determined at trial;

4.   Award Plaintiff punitive damages in an amount to be determined at trial;

5.   Award Plaintiff reasonable attorney's fees and costs;  and

6.   Award Plaintiff such other relief as the Court deems just and proper.

**THE PLAINTIFF REQUESTS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Dated at Burlington, Vermont, this 22nd day of February, 2005.

BLACKWOOD & DANON, PC

By: *[signature]*

Beth A. Danon, Esq.
Eileen M. Blackwood, Esq.
P.O. Box 875
Burlington, VT  05402-0875
(802) 863-2517

ATTORNEYS FOR PLAINTIFF

BLACKWOOD & DANON, P.C.
ATTORNEYS AT LAW
P.O. BOX 875
BURLINGTON, VT 05402
(802) 863-2517